IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | No. 94-cr-40050-JPG |
| ) | |
| CARL CONRAD BLACKMON, JR.,   ) | |
| ) | |
| Defendant.   ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Carl Conrad Blackmon, Jr.'s prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a reduction request (Doc. 177).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The Government has responded to the motion (Doc. 179).  The defendant failed to respond to counsel's motion although he was given an opportunity to do so.

Blackmon pled guilty to conspiring to distribute crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Blackmon's relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which at the time under U.S.S.G. § 2D1.1 yielded a base offense level of 32.  His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  The Court further found that Blackmon was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 37, again reduced by 3 to 34 for acceptance of responsibility.  Considering Blackmon's criminal history category of VI, established by his career offender

status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 300 months.  Blackmon now seeks to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Blackmon cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Blackmon, however, was sentenced based on his base

offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Blackmon cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 177).

The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this rder to defendant Carl Conrad Blackmon, Jr., Reg. # 13384-076, Volunteers of America of Indiana, 811 East Franklin Street, Evansville IN 47711.

**IT IS SO ORDERED.**
**DATED:  November 23, 2010.**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**